CHRIS J. BERGLUND-ISB #6952
BERGLUND LAW, PLLC
500 W. Bannock Street
Boise, ID 83702
Telephone: (208) 342-7600
Facsimile: (208) 342-6553

Attorney for Defendant, JIM LOVELAND

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR 12-155-BLW |
| Plaintiff, ) | |
| ) | **DEFENDANT'S** |
| vs. ) | **TRIAL BRIEF** |
| ) | |
| JESUS GUALDALUPE SANCHEZ, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PROCEDURAL MATTERS

A jury trial is set to commence on January 7, 2013 and is scheduled for two (2) weeks. Defendant Jim Allen Loveland will stand trial along with codefendants Michael Morris and Jesus Guadalupe Sanchez a/k/a Jose Salazar. The Government has filed its proposed voir dire, exhibit and witness lists for the Court's consideration. There are no outstanding motions to be heard by the Court prior to trial.

EXHIBIT LIST

The Government has submitted its witness and exhibit list.  The Defendant does not anticipate calling witnesses or offering any exhibits.  The Defendant does reserve the right to testify on his own behalf once the defense commences its case.

FACTUAL HISTORY

On June 13, 2012, The United States Attorney's Office for the District of Idaho filed an indictment against ten (10) individuals (including codefendant Jesus Sanchez) charging those individuals with various crimes related to the possession and/or distribution of methamphetamine.  This indictment followed after an investigation by the High Desert Task Force into a number of the defendants, including Benjamine Vertner, who was also arrested for a routine DUI, after which he choose to cooperate with authorities regarding his involvement with the distribution of methamphetamine in the Treasure Valley area.  The investigation continued as individuals named in the indictment were interviewed after their arrests.  After this further investigation, the United States Attorney sought and obtained a superceding indictment which included four new defendants,;  Johnathon Chapman, Dawson Moore, Mario Martinez and Jim Allen Loveland.  The indictment was returned on August 14, 2012 and Mr. Loveland was arrested without incident on August 21, 2012.  Mr. Loveland was interviewed following his arrest, after being advised of his rights, and he answered a limited number of questions before requesting counsel and terminating the interview.  Mr. Loveland identified photographs of codefendants Sanchez, Beltran and Tambunga.  Mr. Loveland denied ever having bought methamphetamine directly from any of those individuals.  It is

expected that codefendants Beltran, Ruiz and Tambunga will offer testimony related to the Government's case against Mr. Loveland.  It is anticipated that codefendants Breltran and Tambunga will testify that they personally sold methamphetamine to Mr. Loveland in ounce quantities on more than one occasion.  It is anticipated that codefendant Ruiz will testify that on occasion he accompanied Mr. Beltran when he delivered methamphetamine to Mr. Loveland.  It is further anticipated that the Government will introduce evidence that cell phone records indicate phone calls between Mr. Loveland and codefendants Beltran, Tambunga and Sanchez.  Mr. Loveland disputes the Government's factual summary as filed in the Government's trial brief insofar as it relates to Mr. Loveland and his alleged involvement in this conspiracy or his relationship to other alleged coconspirators.

## TRIAL ISSUES

Mr. Loveland is charged only in count one of the Indictment.  Count One alleges that Mr. Loveland engaged in a conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841 (a)1 and 841(b)(A)(1).  The Government has also filed notice of its intent to seek a sentencing enhancement based on Mr. Loveland's prior convictions if he is convicted in this case.

### CROSS EXAMINATION OF COOPERATING WITNESSES AND INFORMANTS

The Government's case against Mr. Loveland will rely heavily on the testimony of codefendants who have agreed to cooperate and may expect to benefit

from their own cooperation through reductions in their respective sentences. The primary witnesses against Mr. Loveland are expected to be Fabian Beltran, Johnny Tambunga and Victor Ruiz. Some of the witnesses in this case have given different statements to police over time.

The right to cross-examine adverse witnesses is "'especially important with respect to accomplices or other witnesses who may have substantial reason to cooperate with the government.' " United States v. Mayans, 17 F.3d 1174, 1184 (9th Cir. 1994), quoting, United States v. Onori, 535 F.2d 938, 945 (9th Cir. 1976). "When the case against a defendant turns on the credibility of a witness, the defendant has broad cross-examination rights." United States v. Ray, 731 F.2d 1361, 1364 (9th Cir. 1984). Furthermore, Fed. R. Evid. 608(b) "does not bar introduction of evidence to show that the witness is biased. It regulates only the admissibility of evidence offered to prove the truthful or untruthful character of a witness." Id.

The broad leeway granted to the defense in challenging the credibility of the informant has been repeatedly emphasized by the Ninth Circuit:

> We cannot overemphasize the importance of allowing full and fair cross-examination of government witnesses whose testimony is important to the outcome of the case. Out of necessity, the government frequently relies on witnesses who have themselves engaged in criminal activity and whose record for truthfulness is far from exemplary. These witnesses often have a major personal stake in their credibility contest with the defendant. Full disclosure of all relevant information concerning their past record and activities through cross-examination and otherwise is indisputably in the interests of justice. Ordinarily, such inquiries do not require the expenditure of an inordinate

> amount of time, and courts should not be reluctant to invest the minimal judicial resources necessary to ensure that the jury receives as much relevant information as possible. Nor should unwarranted fear of juror confusion present any impediment. Federal jurors, who are expected to follow the complex testimony and even more intricate instructions that are presented in many of our criminal cases, such as multiple conspiracy prosecutions, are unlikely to be confounded by a defendant's inquiry into the bias and credibility of a key government witness. In any retrial, the district court should afford Brooke a full and fair opportunity to question Kearney regarding any of his past activities that are probative as to the credibility of his testimony or as to any bias that may underlie it.

United States v. Brooke, 4 F.3d 1480, 1489 (9th Cir. 1993).

The details of a cooperation agreement or anticipated benefit at sentencing are "highly relevant" in assessing the credibility of an informant, and inquiry into such details is "essential" for effective cross-examination. Mayans, 17 F.3d at 1184. The defense will seek to explore not only the cooperating coconspirator's understanding of any deal itself, but also the tangible impact that this agreement will have on their lives.

Mr. Loveland respectfully requests the court to grant him significant latitude in cross-examining the cooperating defendants' testimony, which will be critical to the government's case at trial; therefore, his credibility will be directly at stake.

## 404(b) EVIDENCE

The court's Procedural Order requires the Government to disclose any intention to introduce other act evidence under Fed.R.Evid. 404(b).  To date, the government has not identified any such evidence as to Mr. Loveland.  Accordingly, Mr. Loveland asks that the court bar the admission of any such evidence at trial.

Respectfully submitted this 3rd day of January, 2013.

                                                                                                      _____/s/_____
                                                                                                         Chris J. Berglund
                                                                                                         Attorney for Defendant Jim Loveland

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant's Trial Brief* was filed electronically through the CM/ECF system, which caused the parties listed below to be served by electronic means this 3rd day of January, 2013:

Jeffrey P. Heineman
jeff@heinemanlaw.com
Lynne W. Lamprecht
Lynne.Lamprecht2@usdoj.gov
Joseph W. Borton
Joe@bortonlawoffices.com


    /s/_____
    Chris J. Berglund