UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>      v.<br><br>JIM ALLEN LOVELAND,<br><br>                    Defendant. | Case No. 1:12-cr-00155-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant Loveland's Motion for Acquittal or Alternatively, Motion for New Trial (Dkt. 482). For the reasons explained below, the Court will deny the motion.

# ANALYSIS

**1.     TIMLINESS**

The Government first argues that Loveland's motion is untimely. Federal Rule of Criminal Procedure 29 states that a defendant may file or renew a motion for acquittal within 14 days after a guilty verdict. Fed. R. Crim. P. 29(c)(1). Federal Rule of Criminal Procedure 33 states that a defendant must file any motion for a new trial based upon any reason other than newly discovered evidence within 14 days after the guilty verdict. Fed. R. Crim. P. 33(b)(2). Federal Rule of Criminal Procedure 45 states that the Court may extend the deadline for filing these motions for good cause shown if it does so before the originally prescribed time expires, or after the time expires if the party shows excusable

neglect. Fed. R. Crim. P. 45(b)(1)(A). There is no room in the text of Rule 45 for "granting" an untimely postverdict motion. *Carlisle v. U.S.*, 517 U.S. 416, 421 (1996).

Here, Defendant Loveland was found guilty by a jury on January 22, 2013. He filed his Motion for Acquittal or Alternatively Motion for New Trial six days later on January 28, 2013. The motion contained no substantive argument; instead it requested an additional thirty days to file a supporting memorandum. The Government filed an opposition to both the motion and the request for extension four days later.

Based solely upon the title of the motion, the Court assumed the motion contained substantive arguments, and that the defendant would subsequently file a reply brief. The Court intended to address the motion once the reply brief was filed. Accordingly, the Court did not review the motion in any detail before the 14-day period expired. Instead, the Court reviewed the motion when it received the defendant's supporting memorandum. Therefore, the Court did not grant or even address the defendant's request for an extension within the 14-day period.

Under these circumstances, Loveland's initial motion was timely filed (within six days of the jury verdict), but his supporting memorandum may have been technically late depending upon how one interprets the rules. The Government cites case law from the Seventh Circuit, and argues that the Court cannot consider the supporting memorandum because the arguments raised in it were not raised in the initial motion. *See e.g., U.S. v. Holt*, 170 F.3d 698 (7th Cir. 1999) and *U.S. v. Washington*, 184 F.3d 653 (7th Cir. 1999). The Court does not necessarily agree with the Government's assertion or even that the Seventh Circuit cases cited by the Government support its view. Moreover, the

Government cites no Ninth Circuit or Supreme Court precedent taking such a view. However, this need not be the test case for such a question in the Ninth Circuit because, as explained in detail below, the Court will not "grant" the motion for acquittal or for a new trial for substantive reasons. Therefore, the Court's ruling is not at odds with Supreme Court precedent indicating that there is no room in the text of Rule 45 for "granting" an untimely postverdict motion. *Carlisle v. U.S.*, 517 U.S. 416, 421 (1996).

## 2.  MOTION FOR ACQUITTAL

"A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *U. S. v. Ching Tang Lo*, 447 F.3d 1212, 1220 (9th Cir. 2006) (Internal quotation and citation omitted). Loveland was convicted on one count of conspiracy to possess with intent to distribute methamphetamine, in violation of Section 841(a) and Section 846 of Title 21 of the United States Code. Loveland argues that although there may have been evidence of conspiracy to purchase methamphetamine, there was no evidence of conspiracy to "distribute" methamphetamine.

There was, as Loveland suggests, direct evidence that Loveland purchased methamphetamine from the co-conspirators in this case. Specifically, there was evidence that he purchased increments of 2-4 ounces of methamphetamine for $2,400.00 per 2 ounces from the co-conspirators on at least 10-15 occasions for a 6 month period from December 2011 through May 2012. *Trial Transcript*, pp. 273-276 (Dkt. 536), pp. 331, 385, 462, 531, 540-44, 565-66, 571-73 (Dkt. 537).

These purchases support the jury's conclusion that Loveland possessed methamphetamine with intent to distribute it. As stated by the Supreme Court in *U. S. v. Shabani*, 513 U.S. 10, 15-16 (1994), and cited as authority for the Ninth Circuit's model instruction on conspiracy to distribute a controlled substance (Model Instruction No. 9.19), the government is not required to prove commission of overt acts in furtherance of the conspiracy. Moreover, a jury may infer intent to distribute from possession of a large quantity of drugs. *U.S. v. Johnson*, 357 F.3d 980, 984 (9th Cir. 2004). In *Johnson*, agents testified that a total amount of methamphetamine of just over 83 grams was inconsistent with personal use. *Id*. Specifically, the agents testified that a user typically only has between 1 gram and 3.5 grams on their person, while a distributor generally possesses 3.5 grams or more.

No such testimony was offered by agents in this case. However, other methamphetamine users testified that they would typically use only one to one-an-a-half grams per day. *Trial Transcript*, pp. 594-95 (Dkt. 537). Moreover, one user testified that using two grams of methamphetamine made him very ill. *Trial Transcript*, pp. 615-16 (Dkt. 537). Another testified that a half-gram was a user amount. *Trial Transcript*, pp. 871 (Dkt. 538).

Considering, for example, Loveland's purchases of methamphetamine in December alone, he possessed well over a user amount. There was evidence at trial that Loveland purchased 2 ounces of methamphetamine on two occasions in December 2011. *Trial Transcript*, pp. 272-73 (Dkt. 536). That adds up to over 113 grams for that one month alone, well beyond a user amount based upon the testimony of other witnesses in

the case. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty of conspiracy to possess with intent to distribute methamphetamine beyond a reasonable doubt. Accordingly, a judgment of acquittal is improper, and the Court will deny the request. *U. S. v. Ching Tang Lo*, 447 F.3d 1212, 1220 (9th Cir. 2006)

3.     MOTION FOR NEW TRIAL

The Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see also U.S. v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007). Here, Loveland argues that the "cumulative effect on jurors hearing about the lifestyle of multiple meth-addicted drug dealers," caused Loveland to be guilty by association. *Def's Opening Brief*, p. 8, Dkt. 547. Loveland references testimony about firearms, wire transfers from Mexico to co-conspirator Sanchez which may have led the jury to believe the defendants were involved with Mexican drug cartels, another co-conspirator's poor treatment of women in his drug trafficking actions, and reckless behavior by another co-conspirator. *Id*. Loveland did not file a pre-trial motion to sever his trial from his co-defendants.

Although some of the actions of Loveland's co-defendants were unsavory, the Court does not find that it was so extreme or confusing that the jury would have convicted Loveland based upon those actions. The Court properly instructed the jury about the elements of the crime charged against Loveland, and that although the charges in this case were joined for trial, the jury was to decide the case for each defendant on each crime charged against that defendant separately. *Jury Inst. No. 23*, Dkt. 458. The Court further instructed the jury that the defendant was not on trial for any conduct or

offense not charged in the indictment. *Jury Inst. No. 24*, Dkt. 458. Under these circumstances the Court finds that the interests of justice do not require a new trial. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant Loveland's Motion for Acquittal or Alternatively, Motion for New Trial (Dkt. 482) is **DENIED**.

DATED: April 7, 2013

B. Lynn Winmill
Chief Judge
United States District Court