```
                UNITED STATES DISTRICT COURT

                     DISTRICT OF IDAHO

                     SOUTHERN DIVISION


UNITED STATES,                 )   Case No. 12-CR-155-BLW
                               )
     Plaintiff,                )
                               )   Boise, Idaho
     vs.                       )   August 23, 2012
                               )   10:38 a.m.
JIM ALLEN LOVELAND,            )
                               )
     Defendant.                )
                               )
. . . . . . . . . . . . . . . )

                       VOLUME I OF I
                     INITIAL APPEARANCE
             BEFORE THE HONORABLE LARRY M. BOYLE
               UNITED STATES MAGISTRATE JUDGE



APPEARANCES:
For the Plaintiff:           MS. LYNNE W. LAMPRECHT
                             United States Attorney's Office
                             Washington Group Plaza IV
                             800 Park Boulevard, Suite 600
                             Boise, Idaho  83712

For the Defendant:           MR. GABRIEL J. McCARTHY
                             Attorney at Law
                             401 West Front Street, Suite 302
                             Boise, Idaho 83702

COURT RECORDER:              TRANSCRIPTION BY:

LEE POST                     CANYON TRANSCRIPTION
U.S. District Court          P.O. Box 387
                             Caldwell, Idaho  83606
                             (208)454-1010




Proceedings recorded by electronic recording.  Transcript
produced by transcription service.
```

1               (Proceedings begin.)

2          CLERK:  All rise, please.  The United States District

3     Court is now in session.  The Honorable Larry M. Boyle

4     presiding.

5          COURT:  Thank you.  Please be seated.  Good morning,

6     counsel.

7          MS. LAMPRECHT:  Good morning, Your Honor.

8          MR. McCARTHY:  Good morning.

9          COURT:  Good morning, counsel.  Very well.  Mr.

10    Loveland, if you'd please stand and raise your right hand.

11              (JIM ALLEN LOVELAND is sworn.)

12         COURT:  Mr. Loveland, the purpose of this hearing today

13    is to explain to you your rights in regard to charges that are

14    filed against you in a grand jury Superseding Indictment.  This

15    is the second Indictment that's been filed which supersedes the

16    initial Indictment and yet this is your first appearance in the

17    case.  Is that correct, Mr. McCarthy?

18         MR. McCARTHY:  Yes, Your Honor.

19         COURT:  The purpose of this hearing, Mr. Loveland, is

20    to explain to you your rights in regard to these charges against

21    you.  I'm going to consider appointing counsel to represent you.

22    I'm going to explain to you your rights regarding a detention

23    hearing.  This is not a trial today and you do not need to

24    answer to the charges except to enter a not guilty plea.  And

25    assuming that you do enter a not guilty plea, I will schedule

1  your case for trial on October 9.  I know that that's real quick
2  but we have a speedy trial problem.  You'll have to take it up
3  with Judge Winmill.
4          MS. LAMPRECHT:  Oh, they'll issue another order.  The
5  trial date should be -- because it's a conspiracy, there's no
6  speedy trial time that's run at all.
7          COURT:  Take it up with Judge Winmill.
8          MS. LAMPRECHT:  Yes, sir, we will.  I just wanted to
9  let counsel know that it likely will be October 29.
10         COURT:  Yeah, I'm sure it will be.
11         MS. LAMPRECHT:  Okay.  Thank you.
12         COURT:  But I need to set this on October 9.
13         MS. LAMPRECHT:  Thank you, Your Honor.
14         COURT:  I'm going to do that and you can take it up
15  with Judge Winmill.
16         MS. LAMPRECHT:  I understand.
17         COURT:  I anticipated your concern.
18         MS. LAMPRECHT:  Thank you, sir.
19         COURT:  The offense charged against you, Mr. Loveland,
20  is a felony charge in the first count of the Indictment and
21  today, the only plea I will entertain is a not guilty plea and I
22  will schedule your case for trial.  If you wish to plead guilty
23  after consulting with your attorney, you can do that at a later
24  time but today, the only plea I will let you enter is a not
25  guilty plea.

```
 1              Have you received a copy of the second Superseding
 2   Indictment?  Mr. McCarthy, has he?
 3              MR. McCARTHY:  We need to talk, Judge.
 4              COURT:  You don't have a copy of the second Superseding
 5   Indictment?
 6              MR. McCARTHY:  Your Honor, I've seen a copy.
 7              COURT:  Do you have a copy of it?
 8              MR. McCARTHY:  I don't have a copy with me.
 9              COURT:  But you have received a copy?
10              MR. McCARTHY:  Yes.
11              COURT:  Has your client seen the Indictment?
12              MR. McCARTHY:  I don't believe so.
13              COURT:  Okay.  Take a look at it and review it with
14   him.
15              MR. McCARTHY:  Your Honor, I've previously reviewed the
16   Indictment.  My client's name only appears in Count 1.  He's
17   reviewed that.
18              COURT:  Very well.  Mr. Loveland, do you understand
19   what it is you are charged with?
20              MR. LOVELAND:  Yeah.  I think so.
21              COURT:  Would you like to have the clerk of the court
22   read the Indictment to you so you understand what it is you're
23   charged with or can you waive the open court reading?
24              I'm concerned, Mr. McCarthy, that he hasn't really had
25   an opportunity to talk with you in any detail about what it is
```

1    he's charged with.  He hasn't seen the Indictment until just
2    now.  What I'm going to do is I'm going to recess and let you
3    take the time to go through it -- the Indictment with him
4    carefully and then I'll come back and pick up where we're at
5    now.
6              CLERK:  All rise, please.
7              COURT:  Just let the court clerk know when you're
8    ready.
9              CLERK:  The Court is in recess.
10                  (Recess taken.)
11             CLERK:  All rise, please.  The Court is again in
12   session.
13             COURT:  Thank you.  Please be seated.  Mr. McCarthy,
14   did you have an adequate opportunity to talk with Mr. Loveland?
15             MR. McCARTHY:  Yes, Your Honor.
16             COURT:  Very well.  Mr. Loveland, do you understand
17   what it is you are charged with?
18             MR. LOVELAND:  Yes.
19             COURT:  Did you have an opportunity to talk with your
20   attorney?
21             MR. LOVELAND:  Yes.
22             COURT:  Would you like to have the Indictment read to
23   you or do you feel you can waive or give up the reading because
24   you understand what it is you're charged with?
25             MR. LOVELAND:  I understand.

1          COURT:  Just by way of summary, you are charged with a
2    violation of 21 U.S. Code Sections 846, 841(a)(1) and
3    841(b)(1)(A).  You're charged in Count 1 of that Superseding
4    Indictment.  It charges you with conspiracy to possess with
5    intent to distribute methamphetamine.  That is a felony and it
6    carries with it a minimum mandatory 10 years to life
7    imprisonment if you are found guilty either by a guilty plea or
8    following a trial by jury.
9          In addition, there's a potential of a $10 million fine,
10   at least 5 years of supervised release and a $100 special
11   assessment.
12         These proceedings are being recorded today, Mr.
13   Loveland, and you should not make any statement regarding the
14   charges against you because you can be -- that can be used
15   against you in further court proceedings or a trial.  Do you
16   understand that?
17         MR. LOVELAND:  Yes.
18         COURT:  You have the right to the assistance of an
19   attorney at all stages of these proceedings.  That's the reason
20   we have Mr. McCarthy here.  If you cannot afford to hire
21   counsel, I will appoint him to represent you.  Do you have
22   enough money to hire an attorney?
23         MR. LOVELAND:  No, I don't.
24         COURT:  I have a document here entitled "Financial
25   Affidavit."  Is this your signature on the bottom of the page?

```
 1              MR. LOVELAND:  Yes, sir.
 2              COURT:  Did Mr. McCarthy help you fill that document
 3   out?
 4              MR. LOVELAND:  Yes.
 5              COURT:  Did you tell him the correct information?
 6              MR. LOVELAND:  Yes, sir.
 7              COURT:  I'm going to find that you qualify for court-
 8   appointed counsel.  Mr. McCarthy, thank you for accepting this
 9   appointment.
10              In addition to having the right to have your attorney
11   with you at all stages of these proceedings, you have the right
12   to remain silent.  You cannot be forced or compelled to testify.
13   You may testify if you desire to do so, however.
14              You have the right to call and confront witnesses.  You
15   have the right to present evidence.  You have a right to a jury
16   trial and you are presumed innocent and the government must
17   prove your guilt beyond a reasonable doubt before you could be
18   convicted.
19              Mr. McCarthy, how does your client plead to Count 1?
20              MR. McCARTHY:  Not guilty.
21              COURT:  I'll enter a not guilty plea to Count 1.  We'll
22   schedule the case for October the 9th anticipating that you may
23   want to raise that with Judge Winmill but I'm going to schedule
24   it for October 9 at 1:30 p.m. and there will be a pretrial
25   conference at 4:00 p.m. on September 26.  Ms. Lamprecht, the
```

```
 1   government's directed to make -- to initiate that call and tie
 2   Mr. McCarthy into it as well.
 3            Now, the next thing I need to take up with you is your
 4   right to a detention hearing.  Oh, by the way, do counsel wish
 5   to have the standard discovery requests exchanged?  Ms.
 6   Lamprecht?
 7            MS. LAMPRECHT:  Yes, Your Honor.  And for the record,
 8   we don't -- all the search warrants have been unsealed and we do
 9   not require notice of alibi.
10            COURT:  Very well.  Thank you very much.  And do you
11   agree with that, Mr. McCarthy?
12            MR. McCARTHY:  Yes, Your Honor.
13            COURT:  Thank you.  I have a Pretrial Services Report
14   here and counsel may keep that without having to make a motion
15   to do so.
16            MS. LAMPRECHT:  Thank you, sir.
17            COURT:  Keep that for your file for the purposes of
18   this case only.  Mr. Loveland, you have a right to a hearing on
19   the government's motion for detention.  The government is
20   seeking to have you detained between now and trial and at that
21   detention hearing, you'd be represented by counsel.  Your
22   attorney could call witnesses in to testify in your behalf.
23   Your attorney could cross-examine witnesses called against you
24   and object to any evidence that they might have.
25            If I were to find that you've rebutted the presumption
```

1   on detention or that there are conditions or a combination of
2   conditions which would reasonably assure your appearance at
3   trial and the safety of the community, I would release you.  If
4   I could not find that you rebutted the presumption of detention
5   in this case or that there are no conditions or combination of
6   conditions that would reasonably assure your appearance, then I
7   would order you detained.
8              If you'll look at page 2 of the government's motion for
9   detention -- do you have it there with you, Mr. McCarthy?
10             MR. McCARTHY:  No, I do not.
11             COURT:  Well, were you not provided with this
12  information?
13             MR. McCARTHY:  Your Honor, I was appointed --
14             COURT:  I beg your pardon?
15             MR. McCARTHY:  I was appointed recently.  I've reviewed
16  it on --
17             COURT:  If you'd stand, please.
18             MR. McCARTHY:  Yes, sir.  I've reviewed it.  I've
19  reviewed the Superseding Indictment yesterday and the motion for
20  detention but I was unable to print those from my computer.
21             COURT:  Okay.  It's always helpful to have those here
22  so you can go over them with me when I'm talking to your client.
23  Mr. Loveland, on page 2 of the government's motion for
24  detention, the government is seeking to have you detained on the
25  basis that you're charged with an offense where the maximum term

1  of imprisonment is 10 years or more under the Controlled
2  Substance Act.  That raises the presumption of two things.  It
3  raises the presumption that you will have a detention hearing.
4  You can waive it if you desire but it's presumed you'll have a
5  detention hearing.  It also presumes that you will be detained
6  unless you can rebut the presumption of detention.
7         The government is also seeking to have you detained in
8  the alternative that you present a serious flight risk and that
9  you present a danger to other persons or the community.  You
10 have a right to that hearing unless you waive it.  Mr. McCarthy,
11 how does your client wish to proceed in that regard?
12        MR. McCARTHY:  Your Honor, at this time, we would like
13 to schedule a detention hearing.
14        COURT:  Okay.
15        MR. McCARTHY:  And next week on Wednesday, I'm
16 available.  Thursday afternoon is the best time for me.  I don't
17 know the Court's schedule.
18        COURT:  We'll try to accommodate your schedule.  Now,
19 you understand your client has a right to have that hearing
20 today.  Are you prepared to do that today?
21        MR. McCARTHY:  No, Your Honor.
22        COURT:  Okay.  So you have a right to request a
23 continuance.  Maybe your client -- I'm sure you understand this
24 but your client may not.  If the -- if this hearing is
25 continued, I have no discretion as to do anything except detain

1   him between now and that hearing.  Do you understand that?  Mr.
2   Loveland, do you understand that?  If I continue this hearing,
3   it's mandatory that you be held in custody until we have the
4   detention hearing.
5           MR. LOVELAND:  Yes.
6           COURT:  Okay.  I'll grant your request and we'll
7   schedule -- try to schedule it either Wednesday or Thursday.
8           MR. McCARTHY:  Thursday afternoon is best for my
9   schedule.
10          COURT:  Is that best for you?  We'll try to schedule
11  that.  Are you available Wednesday at all?  We've got a number
12  of judges who -- I'll be out of town on that day.  I'll be over
13  in Pocatello holding court on that date.
14          MR. McCARTHY:  On Wednesday, I have -- I only have two
15  appointments on Wednesday that can be rescheduled.  On Thursday
16  after 10:30, I'm available all day.
17          COURT:  All right.  Here's what we'll do.  If you'll
18  visit with Ms. O'Leary, we'll try to schedule you with a time
19  that will work for you as well as for one of the judges.
20          CLERK:  Judge Bush said that he could do it on Thursday
21  at 1:30.
22          COURT:  Does that work for you?
23          MR. McCARTHY:  That's the best time.
24          COURT:  Good enough.  I'll continue this matter
25  until -- until Thursday -- what is that date?

```
 1                CLERK:  That is August 30.
 2                COURT:  Thursday, August 30, at 1:30 here in the
 3    courtroom.  And in the meantime, I'll issue a temporary order of
 4    detention detaining Mr. Loveland pending that hearing on
 5    Thursday.  If you're going to waive your right to a hearing,
 6    just let Ms. O'Leary know prior to that hearing.
 7                Any questions at all, Mr. McCarthy or Ms. Lamprecht?
 8                Mr. McCARTHY:  No, Your Honor.
 9                MS. LAMPRECHT:  Not on behalf of the United States,
10    Your Honor.
11                COURT:  All right.  Thank you, counsel.
12                CLERK:  Your Honor, is there any issue with the speedy
13    time before detention hearing?
14                COURT:  No.  He has five days.  Today is Thursday.
15    That gives us five days -- five business days so --
16                CLERK:  Thank you, Your Honor.
17                COURT:  In the abundance of caution, I'll find good
18    cause exists because counsel's not available until Thursday at
19    1:30.
20                All right.  Thank you, counsel.  I'll remand Mr.
21    Loveland and I'll just wait here for the next hearing.
22                MS. LAMPRECHT:  Thank you, Your Honor.
23                COURT:  Thank you, Ms. Lamprecht.  Thank you, Mr.
24    McCarthy.
25                     (Proceedings concluded.)
```

I, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

| /s/ Tamara A. Weber | 9/9/13 |
|---|---|
| Signature of Approved Transcriber | Date |

Tamara A. Weber

Typed or Printed Name